IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW PAUL
MARKOVICK,

              Plaintiff,

     v.                     CASE NO. 10-3257-SAC

ROGER WERHOLTZ,
Secretary of
Corrections, et al.,

              Defendants.

### O R D E R

This civil complaint for money damages was filed pro se and pursuant to 42 U.S.C. § 1983 by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas (HCF). Plaintiff names as defendants Roger Werholtz, Kansas Secretary of Corrections (SOC), Correct Care Solutions (CCS) at Larned Correctional Mental Health Facility (LCMHF), and employees at LCMHF. Plaintiff has also filed an Application to Proceed Without Prepayment of Fees (Doc. 2). Having examined the pleadings and attachments filed, the court finds as follows.

**MOTION TO PROCEED WITHOUT FEES**

Mr. Markovich has filed two prior civil rights actions in this court. He has thus previously been informed that even if he is granted leave to proceed without prepayment of fees, he will remain obligated to pay the full filing fee of $350.00 through payments automatically deducted from his inmate account.

Mr. Markovich is also aware that § 1915(b)(1) requires the

court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the inmate's account for the six months immediately preceding the date of filing of a civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account over the relevant time period was $109.50, and the average monthly balance was $ 64.84. The court therefore assesses an initial partial filing fee in this case of $21.50, twenty percent of the average monthly deposit, rounded to the lower half dollar. Plaintiff must pay this initial partial filing fee in order for this action to proceed, and will be given time to submit the fee to the court. His failure to submit the assessed partial fee in the time allotted may result in dismissal of this action without further notice.

Plaintiff asks the court to "stack" the fee in this case behind the fees he already owes in his other civil case and appeal, and that only 20% of his inmate account be used for collection of court fees. However, the Tenth Circuit has recently entered an unpublished opinion indicating that fees for separate cases should not be stacked, and that collection for additional case fees is not limited to the same 20% of the inmate's account. See Christensen v. Big Horn County Board of County Commissioners, 374 Fed.Appx. 821 (10th Cir. 2010). Therein, the Tenth Circuit interpreted the wording of 28 U.S.C. § 1915(b)(1) as requiring collection of fees thereunder for each action or appeal filed by a prisoner each time the amount in the account exceeds $10 until the filing fees are paid, and held that § 1915(b)(2) "authorizes cumulative deductions of twenty percent for each civil action or appellate filing fee incurred by an

2

prisoner." Id. at 833.  Plaintiff has not alleged facts, which convince the court that it is required to stack the fees he now owes.  Accordingly, the court denies this request.

**SCREENING**

Mr. Markovich is also aware that because he is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  Having screened all materials filed, the court finds the following deficiencies.  Plaintiff will be given time to cure these deficiencies.  If he fails to cure any of the deficiencies listed herein, this action may be dismissed without further notice.

**COMPLAINT NOT ON FORMS**

D.Kan. Rule 9.1(a) requires that a prisoner litigant submit his complaint on a court approved form.  These forms are available free upon request to the clerk of the court.  Plaintiff utilized court approved forms for his motion to proceed without fees, and alleges no reason for not complying with Rule 9.1(a) as to his complaint.

**FAILURE TO ALLEGE PERSONAL PARTICIPATION**

It has long been settled that a prison official's liability may not be predicated solely upon a theory of respondeat superior.  Rizzo v. Goode, 423 U.S. 362, 371 (1976); Gagan v. Norton, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), cert. denied, 513 U.S. 1183 (1995).  Instead, an essential element of a civil rights

3

claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006)(A defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established); Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993)(affirming district court's dismissal where "plaintiff failed to allege personal participation of the defendants"). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008). As the U.S. Supreme Court recently explained in Ashcroft v. Iqbal, ___U.S.___, 129 S.Ct. 1937, 1948 (2009):

> Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. . . . See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); see also (citation omitted); Robertson v. Sichel, 127 U.S. 507, 515-516, 8 S.Ct. 1286, 3 L.Ed. 203 (1888)("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties"). Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.

Id. Throughout the complaint, plaintiff has not pleaded sufficient facts showing the direct personal participation of defendant SOC Werholtz in the acts of which he complains. The affirmance by SOC Werholtz of a denial of a prison grievance, which was based upon acts previously taken by other KDOC employees, is not a sufficient showing of personal participation by defendant Werholtz in the

4

complained-of acts.  Plaintiff will be given time to provide additional facts showing personal participation by defendant Werholtz.  However, if he fails to respond appropriately within the time allotted, this action shall be dismissed as against defendant Werholtz.

**FAILURE TO STATE A FEDERAL CONSTITUTIONAL VIOLATION**

"To state a claim under section 1983, plaintiff must allege the violation of a right secured by the Constitution and laws of the United States . . . committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48-49 (1988); Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978)); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992).  For reasons that follow, the court finds that plaintiff has failed to allege facts sufficient to state a federal constitutional violation.

In Count I, plaintiff asserts that his rights to freedom of speech were violated.  As the factual basis for this claim, he alleges that Captain Diest at the LCMHF made several remarks to him about his use of the grievance procedure.[1]  The only remarks plaintiff specifies are that Diest told him to stop whining with an expletive and asked whether he knew "what happens to inmates that complain."

A prison inmate has no First Amendment or other federal constitutional right to a prison grievance procedure.  Further, Mr. Markovich's own pleadings setting forth the cases he has filed and

---

[1] Captain Diest, the only person alleged to have made remarks, is not named as a defendant.  No personal participation of any named defendant in this incident is alleged.

5

exhibits of grievances he has submitted refute his claim that his First Amendment right to petition the government has been violated. Moreover, even if the specified remarks were reasonably interpreted by plaintiff as a threat, a verbal threat by a prison employee, without more, does not amount to federal constitutional violation.

As Count II, plaintiff asserts that defendant Werholtz is violating his due process rights, and makes the conclusory allegation that Werholtz is "withholding 100% of his good time credits without holding a hearing." Markovich specifically alleges that in March 2010 at the LCMHF, he was charged with refusing to participate in a program and initially found guilty. He further alleges that he appealed to the SOC and was found not guilty. He complains that despite the latter finding, his good time credits are still being withheld.

Plaintiff has described no direct act by defendant Werholtz that resulted in withholding of his good time credits, and instead has indicated that the SOC overturned his disciplinary conviction. Thus, he fails to allege facts showing defendant Werholtz's personal participation in any violation of due process. In any event, the allegation that good time credits are wrongfully being withheld is in the nature of a habeas corpus claim; and is not properly raised in a civil rights complaint. Furthermore, all remedies available in the state courts must be fully exhausted before this habeas claim may be raised in federal court.

As Count III, plaintiff claims that defendant Werholtz subjected him to cruel and unusual punishment by allowing his property to be destroyed. In support, plaintiff alleges that upon his arrival at Ellsworth Correctional Facility (ECF), he was

informed that his sunglasses would not be allowed and he must either send them out at his own expense or destroy them. Plaintiff further alleges that he refused to do either, and that "Werholtz allowed the destruction" of his sunglasses.

Suffice it to say that, even if these factual allegations are accepted as true, the disposal of plaintiff's sunglasses after he refused to obey the directive of ECF prison officials to send them out or destroy them himself does not amount to cruel and unusual punishment.[2] Moreover, plaintiff does not allege facts showing that defendant Werholtz did anything more than affirm a decision of ECF officials. It follows that plaintiff has not alleged sufficient personal participation in this act by defendant Werholtz.

As Count IV, plaintiff alleges that he needed about 500 legal copies and was unable to get them due to his incentive level and monthly spending limit. He further alleges that documents were returned to him unfiled because he had not sent the correct amount of copies, and that he had to send documents to his mother for copying and forwarding to the courts.

Mr. Markovich does not allege what person at which prison refused his request for legal copies. Nor does he allege facts showing the personal participation of any named defendant in this incident. Moreover, he does not assert what federal constitutional provision was violated under this scenario. The denial of an inmate's requests for large numbers of copies of legal documents, without more, does not state a federal constitutional violation. It

---

[2] Plaintiff does not allege deprivation of his property without due process, nor could he, for the reason that state court remedies are available for loss of person property.

7

is well-established that a prison inmate has a constitutional right of access to the courts to file a non-frivolous action. However, to state a claim of denial of access, the plaintiff must demonstrate that the act of which he complains actually hindered his efforts to pursue a legal claim," and thus caused him "actual injury." Lewis v. Casey, 518 U.S. 343, 348, 350 (1996). Plaintiff has not alleged actual prejudice to contemplated or existing litigation, such as the inability to meet a particular filing deadline or that a non-frivolous legal claim has been dismissed, frustrated, or impeded. Id. at 350, 353. Thus, he has not alleged facts showing a necessary element of a denial of access claim. Moreover, he even indicates that he was able to obtain sufficient copies with his mother's help.

As Count V, plaintiff claims that defendant Werholtz has subjected him to cruel and unusual punishment by "allowing him to be classified as "medium by exception" rather than minimum custody. In support, plaintiff alleges that "KDOC staff" reclassified him from minimum, where he had more incentives and privileges, when he "scored as a minimum." Classification decisions are matters solely within the discretion and expertise of prison officials, and prison inmates have no federal constitutional right to a particular security classification. Moreover, plaintiff again fails to allege any facts showing that defendant Werholtz was personally involved in decisions as to his classification.

As Count VI, plaintiff alleges that defendant Werholtz has subjected him to cruel and unusual punishment by "not providing him relief through the grievance procedure." As previously stated, plaintiff has no constitutional right to a prison grievance procedure. It follows that he has no constitutional right to relief

through such a procedure. Likewise, allegations that "KDOC staff" failed to comply with grievance procedures, including a failure to return or respond to grievances, do not state a federal constitutional claim.

As Count VII, plaintiff states that defendant Werholtz is violating his due process rights by not providing adequate access to a law library. In support, he alleges that at HCF, it takes "about 4 weeks" to schedule time in the law library, and he believes this is unacceptable. Plaintiff does not allege facts showing that defendant Werholtz has been personally involved in the scheduling of law library time at the HCF. Nor does he alleges facts to support a due process violation. Furthermore, as noted, to state a claim of denial of access to the courts, a prison inmate must allege actual injury. Thus, it is not enough to simply allege that the prison's law library program is inadequate. A prisoner must "go one step further and demonstrate that the alleged shortcomings in the library hindered his efforts to pursue a legal claim," causing him "actual injury." Lewis, 518 U.S. at 348, 350. Furthermore, providing law library facilities to inmates is merely "one constitutionally acceptable method to assure meaningful access to the courts." Id. at 351 (citing Bounds v. Smith, 430 U.S. 817, 830 (1977)). Plaintiff does not allege any facts showing actual injury from his alleged inadequate access to the HCF law library.

As Count VIII, plaintiff alleges that defendant Werholtz has subjected him to cruel and unusual punishment by "allowing remarks" regarding his use of the grievance procedure in his "inmate file." The court finds that these facts, taken as true, utterly fail to

state a claim of cruel and unusual punishment.[3]  Moreover, plaintiff's conclusory statement that "Kansas Administrative Regulations strictly forbid such comments" indicates his claim is based upon state law.  Alleged violations of state law are not grounds for relief under § 1983.

As Count IX, plaintiff claims that defendant Werholtz has subjected him to cruel and unusual punishment by housing him in a maximum security setting when he is classified as minimum security. He further alleges that he has been "told that minimum security is full."  As noted, decisions as to the security level and place of confinement of state prisoners are matters left to the discretion of prison officials.  Plaintiff has no federal constitutional right to confinement in a certain facility or at a certain security level.

As Count X, plaintiff again claims that his right to freedom of speech was violated.  In support, he again alleges that threats against him for using the grievance procedure were "allowed."  In this count, he complains of alleged threats at the HCF.  However, he does indicate that any of the defendants named in the caption, who are not employees at the HCF, threatened him.[4]  Nor does he allege what person at HCF threatened him and name that person as a defendant.  Plaintiff cannot recover money damages from persons

---

[3] The court has also considered plaintiff's "Statement in Support of Claim" and attached exhibits.  Neither exhibit contains remarks by any defendant. Nor does either suggest any federal constitutional violation in connection with plaintiff's grievance filing.

[4] Under Rule 10 of the Federal Rules of Civil Procedure the "title of the complaint must name all parties."  Pro se litigants are not excused from adherence to the Federal Rules.  Moreover, in the body of the complaint the plaintiff must again name or clearly refer to each defendant and describe that defendant's personal participation.  These are basic pleading requirements with which even a pro se plaintiff can and must comply, particularly when the deficiencies are pointed out and the plaintiff is given an opportunity to cure such deficiencies in his complaint.

named as defendants for acts taken by an unnamed person at another institution. In any event, the comments described by plaintiff hardly appear to constitute threats. Moreover, as previously discussed, plaintiff has no federal constitutional right to a prison grievance process, and verbal threats do not amount to a federal constitutional violation.

In Count XI, plaintiff claims that defendant Werholtz subjected him to cruel and unusual punishment by "allowing disciplinary actions" for disobeying an order when plaintiff could not physically obey. In support, plaintiff alleges that he "severely injured his ankle" and "went to" the "medical line" to "report his injury." He complains that "LCMHF Nurse Chesney" stated she was not qualified to provided medical assistance but called "Nurse Carol," and that Nurse Carol said he would be seen in sick call, which was the next day. He complains that he "declared a medical emergency" and "went to the officer's station" where he explained to Nurse Carol that he was in extreme pain and could not walk. He further alleges that Nurse Carol then talked to Nurse Webster, who also said "put in a sick call slip and you will be seen at the next sick call;" and that Nurse Carol then told him to go to his cell. Plaintiff apparently refused to return to his cell saying he could not walk without extreme pain, even though the court notes that he had managed to get to the medicine line and to the officer's station. He was taken to "the hole" in a wheelchair and was not provided medical attention "until three days later."

Plaintiff's claim in this count appears to be against defendant Werholtz and based only upon Werholtz having affirmed disciplinary action taken against Mr. Markovich at the LCMHF for disobeying an

order.  Plaintiff does not allege what disciplinary sanction he received as a result of this incident.  If the sanctions imposed upon him as a result of this incident did not include loss of good time, then he is not entitled to federal court review of this prison disciplinary action.  If the sanctions did include loss of good time, review of the action must be sought in a habeas corpus petition, not a civil rights complaint, and exhaustion of state court remedies is required prior to federal court review.

Count XII of the complaint is based upon the same facts as Count XI, but seeks relief from defendants Mrs. Carol, Nurse Webster,[5] and Nurse Chesney for negligent medical practice "by not providing treatment to the plaintiff."  Medical malpractice does not become a constitutional violation simply because it occurs in a prison; and negligence, without more, does not amount to a federal constitutional violation.  Neither malpractice nor negligence states a claim for relief under 42 U.S.C. § 1983.  Plaintiff has not alleged facts indicating that a three-day delay in medical treatment, taken as true, amounted to cruel and unusual punishment.

**IMPROPER JOINDER**

The court further finds that plaintiff has improperly joined the claims he asserts against defendant Werholtz with the unrelated claims he asserts against the other defendants.  FRCP Rule 20(a)(2) governs permissive joinder of defendants and pertinently provides:

> (2) Defendants.  Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted

---

[5] Plaintiff does not name Nurse Chesney in this count, but names Nurse "Laura Carol" and "Mrs. Carol."  It appears he mistakenly referred to Nurse Laura Chesney here as Nurse Laura Carol.

12

> against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Id. FRCP Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." Zhu v. Countrywide Realty Co., Inc., 160 F.Supp.2d 1210, 1225 (D.Kan. 2001)(citation omitted).

The Court of Appeals for the Seventh Circuit held in George, that under "the controlling principle" in Fed.R.Civ.P. Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." George, 507 F.3d at 607. Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." Id. It also prevents prisoners from "dodging" the fee obligations[6] and the three strikes provisions[7] of the Prison Litigation Reform Act. Id. (Rule 18(a) ensures "that prisoners pay

---

[6] 28 U.S.C. § 1915(b)(1) and (2) pertinently provide: "[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." To that end, the court "shall assess" an initial partial filing fee, when funds exist, and after payment of the initial fee, the prisoner "shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." Id.

[7] 28 U.S.C. § 1915(g) provides: In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
.

the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees."). Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." Id.

**MOTION FOR RECORDS**

The court has considered plaintiff's "Request for Order for Records" and finds it should be denied. Plaintiff has not shown that he has attempted to obtain these records by any other appropriate means. Nor does he show that discovery should be allowed at this juncture, when it appears that his complaint may not survive screening.

Plaintiff will be given time to cure the defects in the complaint that have been discussed herein. If he fails to cure all the defects within the time allotted, this action may be dismissed without further notice.

**THIS ACTION A STRIKE UNDER 28 U.S.C. § 1915(g)**

Finally, the court finds that, unless plaintiff can cure the defects in his complaint that are set forth herein, this action should be treated as a strike under § 1915(g).

**IT IS THEREFORE ORDERED** that plaintiff's request that fees in this case be stacked with fees in his other cases is denied.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $ 20.50. Any objection to this order must be filed on or before

the date payment is due.  The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that, within the same thirty-day period, plaintiff must cure the deficiencies in his complaint or otherwise show cause why this action should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that plaintiff's Request for Order for Records (Doc. 3) is denied.

The clerk is directed to send plaintiff court-approved forms for filing under 42 U.S.C. § 1983.

**IT IS SO ORDERED.**

DATED:  This 24th day of February, 2011, at Topeka, Kansas.

s/Sam A. Crow  
U. S. Senior District Judge